## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GARY R. TRIPP,  )
)
        Plaintiff,  )
)
v.  )    No. CIV-13- 1311 -D
)
AMERICAN FIDELITY ASSURANCE  )    Age/race/gender claims
COMPANY  )    ARISING IN OKLA CNTY
)    Jury Trial Demanded
        Defendant.  )    Attorney Lien Claimed

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

### PARTIES

1.    Gary R. Tripp, an African-American male residing in Oklahoma County, Oklahoma.

2.    The Defendant is American Fidelity Assurance Company is a business entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.    This is a cause of action for discrimination based on discrimination due to race and color as prohibited by federal and state laws including 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 1981 and 25 O.S. §§ 1101, et seq. Jurisdiction is proper in this Court under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

4.    All the actions herein occurred in Oklahoma County and the Defendant may be served in Oklahoma. Oklahoma County is located in the Western District for the United States District Courts for Oklahoma such that venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

### STATEMENT OF FACTS

5.    Plaintiff was initially hired on or about March 30, 2001 and at all times

1

Plaintiff maintained the qualifications required for the positions he held which, at termination, were that of field automation support specialist and help desk specialist.

6.      The Defendant has employed more than twenty (20) employees in more than twenty (20) weeks of calendar years 2012 and 2013 and is a covered employer under the ADEA and Title VII.

7.      On or about August or September, 2013, the Plaintiff was demoted from his former position as a field automation specialist to a help desk employee as part of a claimed work reorganization.  As part of the demotion Plaintiff suffered a decrease in compensation of Ten Thousand Dollars ($10,000.00) or more per year.   Although it was claimed that this action was due to a position reorganization, this reason was false and pretextual in that Plaintiff's pre-demotion position was restored and is now occupied by am employee who is not African-American.

8.      Starting in 2012 Plaintiff had a new supervisor (Jonathan Hinkle, Caucasian) who began discriminating against the Plaintiff based on race. Mr. Hinkle spent most of his time associating with the Caucasian team members and he avoided contact with the Plaintiff and the other African-American subordinates most of whom had previously been supervised by Mr. Lupton.  Mr. Hinkle also denied Plaintiff the right to work from home in the morning although Caucasian employees were routinely given this right and Plaintiff had been allowed this under prior supervisors.  Mr. Hinkle also made racist remarks.

9.      The Defendant also maintained a practice of discriminating against African American employees.  Defendant has consistently maintained a very low percentage of African Americans and virtually no African American managers in Oklahoma. Defendant has approximately 1200 to 1500 employees and to

Plaintiff's observation only about 75-100 of those persons were African-American.   Defendant has about 60 vice-presidents and to Plaintiff's knowledge none are African-American. To Plaintiff's understanding there are about 200 managers and to Plaintiff's knowledge, none are currently African-American although there was one female African-American who for a time served as a manager but her promotion only came about after she had complained about being the victim of discrimination.

10.   The Defendant terminated the Plaintiff on or about November 2, 2012, for alleged violations of Defendant's internet and computer use policy.  Such reason was a pretext in that Defendant has treated other Caucasian employees who engaged in the same allege offense less severely and by imposing either no discipline or discipline not resulting in termination.

11.   In connection with the Plaintiff's termination, also disciplined two other African-American employees for reasons that were false and discriminatory in comparison with the treatment of other Caucasian employees.  One of Plaintiff's co-workers showed the Defendant that these same rules were being violated in similar or worse ways than Caucasian employees who were either not disciplined at all or who were disciplined in much less serious ways than the Plaintiff.

12.   Among the racially discriminatory actions Plaintiff suffered a special audit of Plaintiff's team– a team more African-Americans than any other similar team– and only the African-Americans were disciplined and the Caucasians males who engaged in comparable acts were not.

13.   Another factor in Plaintiff's termination was preemptive retaliation because of Defendant's belief that Plaintiff would support Mr. Lupton who was being terminated at a time very close (within less than month to Plaintiff's

recollection) to Plaintiff's termination.

14.     After Plaintiff's termination from the help desk position, his job position continued to exist and is performed by Caucasian or non-African-American employees who did not voice support for Mr. Lupton.

15.     Plaintiff filed a charge of discrimination asserting discrimination based on race and retaliation on or about March 30, 2013, which is within 180 days of the date of Plaintiff's demotion. The EEOC issued a right to sue letter on or about September 30, 2013 which the Plaintiff received them thereafter. Plaintiff's lawsuit is timely filed within ninety (90) days of the issuance of the right to sue letters. By such actions, Plaintiff has exhausted all administrative requisites to filing suit.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges as follows:

16.     Retaliation and preemptive retaliation for supporting an employee claiming age discrimination is unlawful under the ADEA and the OADA.

17.     Plaintiff's known support of and affiliation with with Mr. Lupton was one determining factor in the decision to terminate him and thus a direct cause of the injuries above described.

18.     Under the ADEA retaliation provisions, Plaintiff is entitled to recover his wage loss and benefits past, present and future as well as emotional distress.

19.     The damage limitations under the OADA constitute a special law such that the Plaintiff is, as a matter of state law, entitled to recover normal tort damages including earnings loss, past, present and future as well as compensation for the dignitary harms suffered including embarrassment, worry and distress among other unpleasant emotions.

20.     Because the Defendant's actions were willful, intentional and/or malicious or

reckless, Plaintiff is entitled to recover liquidated damages under the ADEA and punitive damages under state law.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges as follows:

21.    Race discrimination is unlawful under Title VII, 42 U.S.C. §1981 and the OADA.

22.    Plaintiff's race was one motivating factor in the decision to demote and terminate him and thus a direct cause of the injuries above described.  The demotion claim is actionable under 42 U.S.C. § 1981.  The termination claim is actionable under both Title VII and Sec. 1981.

23.    Under Title VII and Sec. 1981 the Plaintiff is entitled to recover his wage loss and benefits past, present and future together with compensation for the dignitary harms suffered by Plaintiff and described above.

24.    The damage limitations under the OADA constitute a special law in violation of Oklahoma's state constitutional limitations on special laws such that the damage cap must be declared invalid.  The Plaintiff is, as a matter of state law, entitled to recover normal tort damages including earnings loss, past, present and future as well as compensation for the dignitary harms suffered including embarrassment, worry and distress among other unpleasant emotions.

25.    Because the Defendant's actions were willful, intentional and/or malicious or reckless, Plaintiff is entitled to recover punitive damages under Title VII, Sec. 1981 and state law.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual, liquidated and/or punitive damages together with costs, pre- and post judgment interest and attorney's fees and any other relief, legal and equitable, as may be appropriate.

Respectfully submitted this 12th day of December, 2013.

s/Mark Hammons
**HAMMONS, GOWENS, HURST AND**
**ASSOCIATES**
**MARK HAMMONS OBA # 3784**
**325 DEAN A. McGEE**
**OKLAHOMA CITY, OK 73102**
**(405) 235-6100**
**FAX: (405) 235-6111**
**Email: Mark@hammonslaw.com**
**ATTORNEY LIEN CLAIMED**
JURY TRIAL DEMANDED